695 A.2d 1378

IN THE MATTER OF JOSEPH T. MARGRABIA, JR., AN ATTORNEY AT LAW.

Argued April 29, 1997—Decided July 11, 1997.

*Richard J. Engelhardt,* Assistant Ethics Counsel, argued the cause on behalf of the Office of Attorney Ethics.

*Carl D. Poplar* argued the cause for respondent (*Poplar & Eastlack,* attorneys; *Teri S. Lodge,* on the brief).

PER CURIAM.

This disciplinary proceeding arises from a Motion for Final Discipline Based Upon a Criminal Conviction filed by the Office of Attorney Ethics ("OAE") before the Disciplinary Review Board ("DRB"). The OAE moves for final discipline against Joseph T. Margrabia, Jr. ("respondent") pursuant to *Rule* 1:20–13(c)(2). It

bases the motion on respondent's conviction for simple assault, contrary to *N.J.S.A.* 2C:12–1a(1). The conviction constitutes a violation of *RPC* 8.4(b), which states that it is professional misconduct for a lawyer to "commit an act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer."

A majority of the DRB recommends that respondent be reprimanded. Three members voted for a three-month suspension. Under the circumstances of this case, we conclude that a three-month suspension is the appropriate sanction.

## I.

The limited record reveals the following facts. Respondent was admitted to the New Jersey bar in 1994. On October 3, 1995, respondent assaulted his wife, Randi, during an argument. Initially, respondent struck Randi in the face with a half-loaf of bread, and then punched her in the arm. According to Randi's unrefuted testimony, respondent also struck their three-year-old child. Thereafter, Randi filed a criminal complaint against respondent and applied for a domestic violence restraining order.

On October 6, 1995, the trial court consolidated the matters and conducted a hearing. Randi testified that there were "about 12 incidences [sic] where he's hit [her] before." Describing the bruise on Randi's arm, the court stated, "it's rectangular, about three or four inches long, substantially black and blue. It's a very heavy duty bruise."

Respondent admitted hitting Randi, but asserted her comments precipitated the violence. The court found respondent guilty of assault, in violation of *N.J.S.A.* 2C:12–1a(1), and sentenced him to a thirty-day suspended sentence, a two-year term of probation, 200 hours of community service per year for two years, as well as costs and penalties totalling $160. The court also required respondent to attend Alcoholics Anonymous and People Against Abuse Program. Finally, the court issued an order restraining respondent, among other things, from contacting his wife.

In December 1995, the OAE filed a Motion For Final Discipline with the DRB. The DRB noted that the incident occurred after our decisions in *In re Magid,* 139 *N.J.* 449, 655 *A.*2d 916 (1995), and *In re Principato,* 139 *N.J.* 456, 655 *A.*2d 920 (1995). It concluded:

> Ordinarily, thus, a suspension would follow. The Board, however, is not convinced that a suspension is required in this case. Respondent acknowledged that his conduct was wrong and improper; he has already fulfilled the conditions attached to his criminal conviction; and he did not display a pattern of abusive behavior.
>
> In light of the foregoing, a four-member majority of the Board was persuaded that a reprimand adequately addresses the gravity of respondent's offense and the mitigating circumstances present in this case. One member concurred. Three members dissented, voting for a three-month suspension, based on the rationale enunciated in *Magid* and *Principato,* which were decided seven months before the respondent's misconduct.

Before this Court, the OAE argues that under *Magid* and *Principato,* a suspension is the appropriate discipline.

## II.

Generally, a criminal conviction is conclusive evidence of an attorney's guilt in disciplinary proceedings. *R.* 1:20–13(c)(1); *Magid, supra,* 139 *N.J.* at 451, 655 *A.*2d 916; *Principato, supra,* 139 *N.J.* at 460, 655 *A.*2d 920. Respondent's conviction for simple assault establishes the commission of a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer. The sole issue, therefore, is the extent of the discipline to be imposed. *R.* 1:20–13(c)(2); *Magid, supra,* 139 *N.J.* at 451–52, 655 *A.*2d 916; *Principato, supra,* 139 *N.J.* at 460, 655 *A.*2d 920; *In re Lunetta,* 118 *N.J.* 443, 445, 572 *A.*2d 586 (1989).

In evaluating the severity of discipline, we consider the interests of the public, the bar, and the respondent. *Principato, supra,* 139 *N.J.* at 460, 655 *A.*2d 920. The public's confidence in the bar, however, is a central concern. *See In re Bock,* 128 *N.J.* 270, 274, 607 *A.*2d 1307 (1992). Accordingly, "[t]he primary purpose of discipline is not to punish the attorney but to preserve" public confidence. *Principato, supra,* 139 *N.J.* at 460, 655 *A.*2d 920. Setting the appropriate discipline involves a consideration of

many factors, including "the nature and severity of the crime, whether the crime is related to the practice of law, and any mitigating factors such as respondent's reputation, his prior trustworthy conduct, and general good conduct." *Lunetta, supra,* 118 *N.J.* at 445–46, 572 *A.*2d 586.

Over thirty-five years ago, we stated that "[p]rivate misconduct and professional misconduct differ only in the intensity with which they reflect upon fitness at the bar." *In re Mattera,* 34 *N.J.* 259, 264, 168 *A.*2d 38 (1961). Recently, we warned that attorneys convicted of domestic violence ordinarily will be suspended from the practice of law. *Magid, supra,* 139 *N.J.* at 455, 655 *A.*2d 916; *Principato, supra,* 139 *N.J.* at 463, 655 *A.*2d 920. In *Magid,* we publicly reprimanded an assistant prosecutor who was convicted of simple assault for punching and kicking his girlfriend. 139 *N.J.* at 455, 655 *A.*2d 916. Likewise, in *Principato,* we publicly reprimanded an attorney for pummelling his girlfriend, who was also a client. 139 *N.J.* at 463, 655 *A.*2d 920. In confining the discipline to a public reprimand, we were sensitive to the fact that we had "not previously addressed the appropriate discipline to be imposed on a lawyer who is convicted of an act of domestic violence" and that the incidents "did not present a pattern of abusive conduct." *Ibid.; Magid, supra,* 139 *N.J.* at 455, 655 *A.*2d 916. We cautioned, however, that in the future we "will ordinarily suspend an attorney who is convicted of an act of domestic violence." *Ibid.*

## III.

Here, the assault occurred approximately seven months after our pronouncements in *Magid* and *Principato.* Respondent should have been aware of the possible discipline. The record, moreover, reveals that in the past respondent had resorted to physical force against his wife. In the subject incident, respondent punched his wife, leaving a "heavy duty bruise." According to his wife, in addition to striking her, respondent also hit their child.

■ We are persuaded that a suspension is the appropriate discipline. As we have stated, we "will ordinarily suspend an attorney who is convicted of an act of domestic violence." *Magid, supra,* 139 *N.J.* at 455, 655 *A.*2d 916; *Principato, supra,* 139 *N.J.* at 463, 655 *A.*2d 920. Respondent is suspended from the practice of law for three months and shall reimburse the Disciplinary Oversight Committee for appropriate administrative costs.

*For suspension*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—none.

### ORDER

It is ORDERED that **JOSEPH T. MARGRABIA** of **GLASS-BORO,** who was admitted to the bar of this State in 1994, is hereby suspended from the practice of law for a period of three months, effective August 6, 1997, and until the further Order of the Court; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20, which governs suspended attorneys; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.